UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10314-RWZ

UNITED STATES OF AMERICA

v.

ROY SASTROM

ORDER

May 27, 2021

ZOBEL, D.J.

In 2009, defendant Roy Sastrom was sentenced to 180 months' imprisonment upon his plea of guilty to armed bank robbery and being a felon in possession of ammunition.   (Docket # 19).   He has since filed two habeas petitions under 28 U.S.C. § 2255, (Docket ## 20, 42), and other petitions for relief as well as appeals, see (Docket # 34 at 2–3).   On May 13, 2015, the court denied his first habeas petition, (Docket # 20), as time-barred, (Docket # 34).   On May 23, 2016, he filed a second habeas petition.   (Docket # 42).   After many stays requested by defendant, on January 3, 2020, while his second petition was pending, defendant's counsel filed a notice of voluntary dismissal thereof.   (Docket # 57).

On April 14, 2020, defendant filed, *pro se*, a motion for relief from judgment

1

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]   (Docket # 58); <u>see</u>

<u>Rodwell v. Pepe</u>, 324 F.3d 66, 70 (1st Cir. 2003) (holding that a petitioner may bring a

motion under Rule 60(b) as long as he is challenging "some irregularity or procedural

defect in the procurement of the judgment denying habeas relief" as opposed to the

constitutionality of his underlying sentence).   In the instant motion, he challenges the

court's 2015 denial of his first § 2255 petition, (Docket # 34), and cites Rule 60(b)(4)

and (b)(6).

"Motions brought under Rule 60(b) are committed to the district court's sound

discretion."   <u>Stonkus v. City of Brockton Sch. Dep't</u>, 322 F.3d 97, 100 (1st Cir. 2003).

As an initial matter, defendant's case was terminated at his direction prior to his filing

the instant motion.   Second, Rule 60 requires motions under (b)(4) and (b)(6) to be

filed "within a reasonable time."   Fed. R. Civ. P. 60(c).   Nearly five years passed

between the court's 2015 order and defendant's 2020 challenge.   Defendant's motion

was not filed within a reasonable time and is therefore DENIED.


<u>May 27, 2021</u>
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

1 The motion indicates that defendant signed and dated it on August 23, 2019, but the clerk's office did not receive these papers until April 14, 2020.

2